833 F.2d 1006
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Winfield Edgar HAREWOOD, a/k/a Bagee, Defendant-Appellant,
 No. 87-5046.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 9, 1987.
Decided: Nov. 20, 1987.
 
 John E. Basilone, Third Year Law Student (John L. Henning on brief) for appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney (William A. Kolibash, United States Attorney; David E. Godwin, Assistant United States Attorney on brief) for appellee.
 Before DONALD RUSSELL, MURNAGHAN, and ERVIN, Circuit Judges.
 
 
 1
 PER CURIAM;
 
 
 2
 The defendant, Winfield Harewood, appeals from a judgment of the district court convicting him, after a jury trial, of several drug-related violations. Defendant bases his appeal on claims that the district court abused its discretion in denying a motion for line-up identification and in denying motions for a judgment of acquittal based on insufficiency of the evidence. We affirm.
 
 
 3
 Harewood was tried on six drug-related charges. Count I charged Harewood with conspiracy to knowingly and intentionally possess with the intent to distribute cocaine under 21 U.S.C. Secs. 841(a)(1) and 846. Count II charged Harewood with knowing and intentional distribution of cocaine in or about December of 1985 under 21 U.S.C. Sec. 841(a)(1). Count III charged defendant with a similar act of distribution for January of 1986. Counts IV-VI all alleged distribution violations in April and May of 1986. Harewood's motion for acquittal was granted on Count III, but he was convicted of the remaining charges.
 
 
 4
 Defendant cites one sentence from one case in support of his proposition that the district court abused its discretion in denying the motion for a line-up identification. That sentence states that "[a] trial judge has discretion in the interest of justice to grant a defendant's motion for a lineup." United States v. Caldwell, 465 F.2d 669, 671 (D.C.Cir.1972). This general statement of the law is unassailable, but in this case the defendant failed to file his motion for a line-up until the morning of trial. The district court denied the motion finding both that it was untimely and that there was no way a fair line-up could be organized at such a late date. Given the circumstances, the district court did not abuse its discretion in refusing defendant's motion for a line-up identification.
 
 
 5
 We likewise find no error in the district court's denial of defendant's motion for a judgment of acquittal on Count I. Defendant argues that there was insufficient evidence of a conspiracy of which he was a part. In resolving this issue, we must do so by viewing the evidence in the light most favorable to the government. United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983), cert. denied, 465 U.S. 1028 (1984). The record includes evidence that defendant would often tell the prospective cocaine purchasers to come back later for the cocaine--evidence which could warrant an inference that the defendant was dealing with others in order to obtain cocaine. There was also testimony that defendant would talk with his supplier in order to get the price of the cocaine down. Finally, there was testimony that an individual named "Gummy" worked with the defendant on several occasions. We find that this evidence was sufficient for the jury to find Harewood guilty of conspiracy to distribute cocaine and that the district court did not, therefore, err in refusing to grant a judgment of acquittal on Count I.
 
 
 6
 Finally, we reject Harewood's contention that the district court erred in refusing to grant a judgment of acquittal on Count II. Defendant argues that there was insufficient evidence to convict him of selling cocaine in or about December of 1985. However, the evidence, again taken in a light most favorable to the government, establishes that a government witness did purchase cocaine from the defendant in December of 1985. Given testimony to this effect, the jury did not err in convicting defendant on Count II nor did the district court err in refusing to grant a judgment of acquittal.
 
 
 7
 The judgment of the district court is accordingly,
 
 
 8
 AFFIRMED.